UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN SOLORIO,

    Plaintiff,

v.

C. E. DUCART, et al.,

    Defendants.

Case No. 18-cv-07708-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the California Correctional Institution, has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges various violations of his constitutional rights during his previous incarceration at Pelican Bay State Prison ("PBSP"). The Court has granted his motion for leave to proceed *in forma pauperis*. Dkt. 12.

Plaintiff's twenty-four-page complaint raises multiple allegations with respect to events that occurred at PBSP sometime between 2016 to 2017. Venue is proper because the events giving rise to the aforementioned claims are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

**B. Legal Claims**

Plaintiff asserts multiple claims for relief against a total of twenty defendants, from whom he seeks both declaratory relief and monetary damages. As mentioned above, the allegations in the complaint cover a span of time of almost one year, specifically from May 2016 through March 2017, during which period Plaintiff was incarcerated at PBSP. When the allegations in the complaint concerning his confinement at PBSP are liberally construed, Plaintiff seems to state the following claims for relief: (1) unlawful deprivation of Plaintiff's property in May 2016; (2) denial of legal materials on October 4, 2016 and failure to train properly the prison librarian; (3) denial of medical care on November 4, 2016 and failure to train properly medical personnel; (4) discrimination using "anti-Muslim slurs" and denial of Halal meals on January 3, 2017, as well as failure to train properly correctional officers not to discriminate based on religion; (5) retaliation (based on Plaintiff filing grievances) by spreading "false rumors" to other prisoners causing Plaintiff to be in danger while housed in general population on February 20, 2017, and failure to train properly correctional officers to prevent retaliation; (6) retaliation (again based on Plaintiff filing grievances) and "mail censorship" on March 9, 2017; and (7) failing to refund Plaintiff's money for "unfair business practice[s]" by the prison canteen after the loss of items from his order on March 12, 2017. Plaintiff names the aforementioned twenty defendants in connection with the noted claims.

Having reviewed the allegations in the complaint, the Court finds the following pleading deficiencies require that the complaint be dismissed with leave to amend:

**1. Federal Rule of Civil Procedure 20**

As explained above, Plaintiff's complaint is twenty-four pages long. It contains multiple legal claims and names multiple defendants at PBSP. The complaint is extraordinary broad, and appears to touch upon everything Plaintiff found objectionable during his incarceration at PBSP between May 2016 through March 2017. Thus, the claims against Defendants cover a broad array of different incidents by different individuals over the course of close to one year. In his Amended Complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all

3

1    defendants named therein. Plaintiff may not include in a single complaint everything that has
2    happened to him over a one-year period that he finds objectionable. He must choose what claims
3    he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his
4    Amended Complaint, they will be dismissed.

### 2. Rule 8

As mentioned above, Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). However, under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). As explained above, a supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman*, 942 F.2d at 1446. Under no circumstances is there respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff's claims cannot proceed as pleaded because he has not directly linked *all* of the named defendants to his allegations. Specifically, a few of Plaintiff's claims are brought against multiple defendants, some of whom are linked only in a conclusory manner to his claims. Further, a few of the named defendants are supervisory officials, against whom liability is alleged solely in their respondent superior capacity, which is improper. *Id.* Additionally, while Plaintiff

4

does directly link some individual defendants to some of his claims, the allegations in the twenty-four-page complaint are so lengthy that the Court cannot readily determine all of the injuries for which each of the defendants is allegedly liable.

### 3. Summation

In sum, even when Plaintiff's claims are liberally construed, he has failed to allege that his claims meet proper joinder requirements. Plaintiff also has failed to provide a simple, concise, narrative that sets forth all of the injuries attributed to each individual defendant. Accordingly, Plaintiff will be given leave to file an Amended Complaint in which he clearly links each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible.

While Plaintiff must, in filing his Amended Complaint, provide sufficient information to give the defendants fair notice of the nature of the claims against them, Plaintiff need not provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. Instead, Plaintiff should provide a concise statement identifying each defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom. Additionally, Plaintiff should not name any defendant who is linked solely in his respondent superior capacity or against whom Plaintiff cannot allege facts that would establish supervisorial liability.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint against Defendants which:

    a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i. Set forth **each claim** in a separate numbered paragraph;

        ii. Identify **each defendant** and the **specific action or actions each defendant took, or failed to take**, that allegedly caused the deprivation of Plaintiff's constitutional rights; and

        iii. Identify the injury resulting **from each claim**;

b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each defendant** before he filed this action;

c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and defendants) or, stated differently, because Plaintiff may not list everything that has happened to him over a one-year period in prison that he finds objectionable, the Amended Complaint may only allege claims that:

    i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

    ii. Present questions of law or fact common to **all defendants**;

d. **Does not** make conclusory allegations linking each defendant by listing them as having "direct involvement" to his claims without specifying how each defendant was linked through their actions; and

e. **Does not** name any defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 18-7708 YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed.

**Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: July 12, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge