UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN SOLORIO,

        Plaintiff,

    v.

C. E. DUCART, et al.,

        Defendants.

Case No. 18-cv-07708-YGR (PR)

**THIRD ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at the California Correctional Institution, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated from 2016 to 2017. *See* Dkt. 19 at 2, 4, 6, 8, 10, 12, 14.[1] The operative complaint is the Second Amended Complaint ("SAC"). *See id.* He was previously granted leave to proceed *in forma pauperis* ("IFP"). Dkt. 12. Venue is proper because the events giving rise to the claim are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements,

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Under Federal Rule of Civil Procedure 20, persons may be joined in one action as defendants only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

The SAC is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). As explained below, the SAC violates Rule 20(a), which requires that a plaintiff cannot assert unrelated claims against different defendants. *See id.* Plaintiff's Claim 2—involving an alleged deprivation of legal materials—may go forward if he cures the deficiencies outlined below.

**B.** Legal Claims

Even after being granted two opportunities to amend his claims, *see* Dkts. 13, 18, Plaintiff still raises multiple claims in his SAC against around twenty defendants, all employees of PBSP. While Plaintiff presents his seven claims in the SAC in a more orderly fashion, he still does not clearly set out information regarding why his claims and Defendants are properly joined. As the Court previously notified Plaintiff, Federal Rule of Civil Procedure Rule 20 provides,

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added). Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . . on such terms as are just." Fed. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

Rule 20(a) requires that a plaintiff cannot assert unrelated claims against different defendants. In its January 13, 2020 Second Order of Dismissal with Leave to Amend, Plaintiff was directed that in his SAC, he may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact

common to all defendants named therein. Dkt. 18 at 3. He was also warned that claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions. *Id.*

In his SAC, Plaintiff alleges that that (1) in May 2016, Correctional Officer Love deprived Plaintiff of his property, and Lieutenant F.P. Marulli and Warden C. E. Ducart failed to train Correctional Officer Love, Dkt. 19 at 2-3, 17; (2) on October 4, 2016,[2] Sr. Librarian G. M. Cursey deprived Plaintiff of "legal material" and Plaintiff was unable to forward his legal mail, and Warden Ducart, Supervisor J. A. Nelson, and Teacher/Supervisor R. Wilson failed to train Librarian Cursey, *id.* at 4-5, 17; (3) on November 4, 2016, Registered Nurse ("RN") Vail failed to provide Plaintiff with a check-up and services when he suffered from pain in his leg, lungs, emotional distress, and mental distress, and Warden Ducart, Chief Medical Executive D. Jacobsen, and Senior RN D. Coleman failed to train RN Vail, *id.* at 6-7, 19[3]; (4) on January 3, 2017, Correctional Officers W. Black and P. Barnes deprived Plaintiff of his religious diet as well as outlets to practice his Muslim religion and insulted Plaintiff with anti-Muslim slur[]s, and Warden Ducart, Lieutenant F. P. Marulli, and Sergeant J. Reynoso failed to train their subordinates, *id.* at 8-9, 19; (5) on February 20, 2017, Correctional Officers Black and Barnes retaliated by targeting Plaintiff because of filing previous appeals, and Warden Ducart and Lieutenant Marulli failed to train their subordinates, *id.* at 10-11, 18; (6) on March 9, 2017, Correctional Officers Barnes and N. Harden retaliated against Plaintiff by depriving him from correspondence with his family members, and Warden Ducart and Lieutenant Marulli failed to train their subordinates, *id.* at 12-13, 18; and (7) on March 12, 2017, Warden Ducart, Correctional Administration Business Services T. E. Puget, Canteen Manager II D. Reyes, Canteen Room Supervisor B. Camarena failed to refund Plaintiff's money after they lost items he had purchased and that were not delivered by Correctional Officers Henraad, Harden, and R. Martel, who were in charge of store deliveries, *id.* 14-15, 20.

---

[2] The Court notes that Plaintiff initially lists this incident as taking place on October 4, 20*17*. Dkt. 19 at 5. However, Plaintiff then lists what the Court construes as the correct date of October 4, 2016, based on Plaintiff's placement of this claim. *Id.* at 5, 17.

[3] The Court notes that Plaintiff's page numbers are not in order. *Compare* Dkt. 19 at 19 (listed as page "3") *with* Dkt. 19 at 18 (listed as page "4").

3

1       Plaintiff's claims, involving around twenty defendants committing different acts at different times during an almost one-year time frame (May 2016 to March 2017), are unrelated by fact or law. As Plaintiff has been warned before, such claims run afoul of Federal Rule of Civil Procedure 20. Nowhere does Plaintiff attempt to link these disparate events, and thus he does not justify the inclusion of these disparate claims in one action.

      Claim 1, though the earliest in time in May 2016, may not proceed because Plaintiff has not stated a cognizable claim for relief. Neither the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Because Plaintiff's allegations involve a random and unauthorized deprivation of property not cognizable under section 1983, Claim 1 is DISMISSED without leave to amend.

      Claim 2, the next in time, can go forward if Plaintiff cures certain deficiencies. In that claim, he alleges that on October 4, 2016, Correctional Senior Librarian Cursey deprived Plaintiff of "legal material with [a] rude a[t]titud[e] and Plaintiff was not able to forward his legal mail and . . . Warden Ducart, Supervisor of Correctional Educational Programs and Teacher/Supervisor Wilson failed to train [Librarian] Cursey." Dkt. 19 at 17. The Court finds that the aforementioned allegations are insufficient to show actual injury as Plaintiff has failed to state facts showing how specific individuals acted to deprive him of legal material which prevented him from meeting a court deadline. Plaintiff's general allegation that he was "not able to forward his legal mail," *id.*, is insufficient to show any single individual's liability. Accordingly, Plaintiff shall be given an opportunity to amend this claim.

In amending this claim, Plaintiff is advised that liability may be imposed on an individual defendant under section 1983 only if he can show that the defendant proximately caused the deprivation of a federally protected right, i.e., Plaintiff's right of access to the courts. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

Finally, Plaintiff sues Defendants Ducart, Nelson, and Wilson in their supervisory capacities. Plaintiff does not allege facts demonstrating that these Defendants violated his federal rights, but seems to claim they are liable based on the conduct of their subordinate, Defendant Cursey. Plaintiff is cautioned that there is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Therefore, Plaintiff's supervisory liability claims against Defendants Ducart, Nelson, and Wilson are also DISMSSED with leave to amend.

Accordingly, Plaintiff will be given an opportunity to cure the aforementioned deficiencies to Claim 2 by way of a filing a third amended complaint, as directed below. Claim 1 is DISMISSED for failure to state a claim for relief. All the remaining claims are DISMISSED without prejudice to Plaintiff bringing them in separate actions, either in state or federal court.

### III.   CONCLUSION

For the foregoing reasons, the court orders as follows:

1.   The SAC is DISMISSED WITH LEAVE TO AMEND. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file a Third Amended Complaint ("TAC")

1  correcting the aforementioned deficiencies as to *only Claim 2* against Defendants Cursey, Ducart,
2  Nelson, and Wilson, as indicated above.

3       In his TAC, Plaintiff needs to link each defendant to Claim 2 by alleging facts showing the
4  basis for liability for each individual defendant.  Plaintiff should identify each involved person by
5  name and link each of them to his claim by explaining what each defendant did or failed to do that
6  caused a violation of his constitutional rights.  *See Leer*, 844 F.2d at 634.  The Court reminds
7  Plaintiff that the TAC must be limited to a discussion of *Claim 2 alone*.  **If he realleges any other**
8  **claims, they will be summarily dismissed.**

9       2.    Claim 1 is DISMISSED for failure to state a claim for relief, and the dismissal is
10  without leave to amend.  The remaining claims are not properly joined, and they are all
11  DISMISSED without prejudice to Plaintiff bringing them in separate actions, either in state or
12  federal court.

13       2.    Plaintiff must use the attached civil rights form, write the case number for this
14  action—Case No. C 18-7708 YGR (PR)—on the form, clearly label it "Third Amended
15  Complaint," and complete all sections of the form.  Because this the TAC completely replaces the
16  original, amended and second amended complaints, Plaintiff must include in it all the allegations
17  as to Claim 2—**and *only* Claim 2**—that he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d
18  1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992); *King v. Atiyeh*, 814 F.2d 565, 567 (9th
19  Cir. 1987); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  He may not
20  incorporate material from the previous complaints by reference.  He must also specify whether he
21  exhausted or was prevented from exhausting his administrative remedies with respect to Claim 2
22  before filing this action.  **Plaintiff's failure to file a TAC by the twenty-eight day deadline will**
23  **result in the dismissal of this action without prejudice.**

24       3.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
25  informed of any change of address and must comply with the court's orders in a timely fashion.
26  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
27  while an action is pending must promptly file a notice of change of address specifying the new
28  address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail

directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: July 24 , 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

cc: Blank Civil Rights form sent to plaintiff