UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN SOLORIO,

        Plaintiff,

    v.

C.E. DUCART, et al.,

        Defendants.

Case No.  18-cv-07708-YGR (PR)

**ORDER DENYING MOTION TO
REOPEN WITHOUT PREJUDICE TO
REFILING ALONG WITH PROPOSED
FOURTH AMENDED COMPLAINT
ONLY ADDRESSING CLAIM 2**

This is a closed civil rights case.  Before the Court is Petitioner's "Motion to Alter or Amend Judgment," which will be construed as a motion to reopen, as further explained below. Dkt. 1.

Plaintiff, who is currently incarcerated at the Calipatria State Prison, had filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison, where he was previously incarcerated from 2016 to 2017.  Even after being granted two previous opportunities to amend his claims, *see* Dkts. 13, 18, Plaintiff had filed a second amended complaint ("SAC") that still raised multiple claims against around twenty defendants, all employees of PBSP, *see* Dkt. 19.  While Plaintiff presented his seven claims in the SAC in a more orderly fashion, he still did not clearly set out information regarding why his claims and Defendants are properly joined.  As the Court previously notified Plaintiff, Federal Rule of Civil Procedure Rule 20 provides,

> All persons . . . may be joined in one action as defendants if there is
> asserted against them jointly, severally, or in the alternative, any right
> to relief arising out of the same transaction, occurrence or series of
> transactions or occurrences and if any question of law or fact common
> to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added).  Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . . on such terms as are just." Fed. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  Rule 20(a) requires that a plaintiff cannot assert unrelated claims against different defendants.

In its January 13, 2020 Second Order of Dismissal with Leave to Amend, the Court

United States District Court
Northern District of California

1  directed Plaintiff that in his SAC, he may only allege claims that (a) arise out of the same

2  transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or

3  fact common to all defendants named therein.  Dkt. 18 at 3.  He was also warned that claims that

4  do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions.  *Id.*

5       Thereafter, as mentioned, Plaintiff filed a SAC raising multiple claims against around

6  twenty defendants.  *See* Dkt. 19.

7       In an Order dated July 24, 2020, the Court noted that Plaintiff "ha[d] been warned before,

8  such claims run afoul of Federal Rule of Civil Procedure."  Dkt. 20 at 4.  The Court added that

9  "[n]owhere d[id] Plaintiff attempt to link these disparate events, and thus he d[id] not justify the

10  inclusion of these disparate claims in one action."  *Id.* (brackets added).  Thus, the Court reviewed

11  each claim, beginning with Claim 1, the earliest in time in May 2016.  *Id.*  The Court dismissed

12  Claim 1, which involved a random and unauthorized deprivation of property, for failure to state a

13  cognizable claim for relief.  *Id.*  Because the Court did not find it cognizable under section 1983,

14  Claim 1's dismissal was ***without*** leave to amend. *Id.*  The Court then turned to Claim 2 and also

15  dismissed it for failure to state a claim for relief.  *Id.*  However, Plaintiff was given leave to amend

16  only as to Claim 2, which related to alleged deprivation of legal materials on October 4, 2016.  *Id.*

17  at 4-5.  The Court found that Plaintiff's allegations were "insufficient to show actual injury as

18  Plaintiff ha[d] failed to state facts showing how specific individuals acted to deprive him of legal

19  material[s] which prevented him from meeting a court deadline."  *Id.* at 4.  All remaining claims in

20  the SAC were dismissed "without prejudice to Plaintiff bringing them in separate actions, either in

21  state or federal court."  *Id*. at 5.  Plaintiff was specifically directed to file a third amended

22  complaint ("TAC") "correcting the aforementioned deficiencies as to ***only Claim 2*** . . . ."  *Id.* at 6

23  (emphasis in original).  Plaintiff was reminded repeatedly in the Court's Order that his TAC "must

24  be limited to a discussion of **Claim 2 alone**."  *Id*. (emphasis in original).  Plaintiff was warned that

25  "**[i]f he realleges any other claims, they will be summarily dismissed.**"  *Id.* (emphasis in

26  original).

27       On August 20, 2020, Plaintiff filed two documents labeled, "Third Amended Complaint[t]."

28  Dkts. 21, 22.

2

In an Order dated January 12, 2021, the Court reviewed both TACs, and found that in neither TAC did Plaintiff amend Claim 2, as he was specifically directed to do so in the July 24, 2020 Order. *See id.* Instead, Plaintiff raised two new claims related to incidents on November 4, 2016 (medical claims) and January 3, 2017 (denial of access to religion claims). *See id.* Therefore, the Court dismissed the action without prejudice for failing to respond to the Court's July 24, 2020 Order, and for failure to prosecute, *see* Fed. R. Civ. P. 41(b). The Court added that because the dismissal was without prejudice, Plaintiff may move to reopen the action. It further instructed Plaintiff that "[a]ny such motion *must* contain a fourth amended complaint addressing the deficiencies *only as to Claim 2* as described in the Court's July 24, 2020 Order."

As mentioned above, Plaintiff has since filed a "Motion to Alter or Amend Judgment," in which he states that his "failure to comply [with the Court's July 24, 2020 Order] was [due] to this pandemic and . . . the denial of legal cop[ies] requested before [the] court deadline was prejudicial to [P]laintiff . . . ." Dkt. 25 at 2. Because the Court's January 12, 2021 Order indicated that the dismissal was *without* prejudice to Plaintiff moving to reopen this action, *see* Dkt. 23 at 3, Plaintiff's motion is construed as a motion to reopen the action. The Court notes that Plaintiff did not attach his proposed fourth amended complaint, as directed in its January 12, 2021 Order. Therefore, at this time, Plaintiff's motion to reopen is DENIED without prejudice to refiling and along with his renewed motion to reopen Plaintiff *must attach* a proposed fourth amended complaint addressing the deficiencies *only as to Claim 2* as described in the Court's July 24, 2020 Order. Dkt. 25.

The Clerk of the Court shall send Plaintiff a copy of the July 24, 2020 Order along with his copy of this Order.

This action shall remain closed unless Plaintiff files both the renewed motion to reopen along with his proposed fourth amended complaint.

This Order terminates Docket No. 25.

IT IS SO ORDERED.

Dated:   September 17, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

3